RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/20/11
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RUTH GILLES,<br>　　　Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00418 |
| VERSUS | |
| CRAIG S. ROBINSON,<br>　　　Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Ruth Gilles ("Gilles") on November 9, 2011. Gilles, a citizen of Haiti, contests her continued detention, since June 22, 2010, by the Bureau of Customs and Immigration Enforcement ("BICE") pending her removal from the United States and contends there is no possibility that she will be removed in the reasonably foreseeable future. At the time of filing her petition, Gilles was being detained in the LaSalle Detention Center in Trout, Louisiana. The sole relief requested by Gilles is release from custody pending her removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

The Respondent filed a motion to dismiss Gilles' petition (Doc. Item 11), with documentary evidence and an affidavit showing Gilles was removed to Haiti on November 8, 2011. Since Gilles has been removed, her petition for habeas relief pending removal has

been rendered moot.

Therefore, the Respondent's motion to dismiss should be granted and Gilles' petition should be dismissed as moot.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondent's motion to dismiss (Doc. 11) be GRANTED and that Gilles' habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[1] It is further noted that an order from this court mailed to Gilles on November 10, 2011 (Doc. Item 12), was returned to the Clerk of Court on November 21, 2011, stamped "Return to Sender-No Longer Here." Obviously, after Gilles was removed from the United States on November 8, 2011, she failed to provide the court with her new address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Gilles' failure to inform the court of her address change within 30 days provides another ground for dismissal of her habeas petition.

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE